IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM S. HAYWARD,

    Plaintiff,

    v.

    Civil Action 2:16-cv-1107
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

FRANKLIN COUNTY JAIL
MEDICAL DEPARTMENT,

    Defendant.

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's February 3, 2017 Order. (ECF No. 3.) For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

On November 17, 2016, Plaintiff, William S. Hayward, a then-prisoner in the Franklin County, Ohio, jail proceeding without the assistance of counsel, submitted an Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees. (ECF No. 1.) On November 18, 2016, the Court directed the Plaintiff to submit, within thirty (30) days either the required trust fund statement from the prison cashier, or the filing fee. (ECF No. 2.) Plaintiff submitted neither. As a result, on February 3, 2017, the Court issued an Order to Show Cause why this case should not be dismissed for want of prosecution. (ECF No. 3.) This Court's Order to Show Case was mailed to Plaintiff's address of record and returned undeliverable on February

14, 2016. (ECF No. 4.) The Court specifically warned Plaintiff that failure to comply with its Orders would result in dismissal of this case for want of prosecution.

## II.

The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). "Rule 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal." Steward v. City of Jackson, Tenn., 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

To date, Plaintiff has failed to respond to the Court's Feburary 3, 2017 Order. The Order cautioned Plaintiff that failure to comply would result in dismissal for want of prosecution of his claims against Defendants. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants **WITH PREJUDICE** under Rule 41(b).

# **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

The Court notes that Plaintiff's failure to receive filings in the instant action because he failed to update his address with the Court does not excuse his noncompliance with Court orders. Plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's]

address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

**IT IS SO ORDERED.**

Date: April 11, 2017                               /s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE